IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:17-cr-24 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING DEFENDANT'S** |
| JOHN CHRISTOPHER BROWN, : | **MOTION FOR BOND REVIEW** |
| : | |
| Defendant. : | |

This matter is before the Court on Defendant's Motion for Bond Review (Doc. 48). The Government opposes Defendant's motion (Doc. 49). For the reasons set forth below, Defendant's Motion for Bond Review will be **DENIED**.

## I. BACKGROUND

As the Court previously stated in denying Brown's Emergency Motion for Recall of Warrant, the relevant facts here are not in dispute. In 2017, Defendant John Christopher Brown was charged with Possession with Intent to Distribute Fentanyl and a Fentanyl Analogue, in violation of 21 U.S.C §§ 802, 813, 841, 846, and 18 U.S.C. § 2, and Operating a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. He pled guilty to Operating a Drug-Involved Premises in exchange for dismissal of the other charges.

Pursuant to the Sentencing Guidelines, Brown's total offense level of 25 and criminal history category of III resulted in an advisory sentence of 70 to 87 months imprisonment. Probation recommended a variance to 53 months imprisonment.

On December 13, 2017, the Court sentenced Brown to time served plus three years of supervised release. In doing so, the Court personally explained to him that the below-guidelines sentence was a one-time opportunity for him to fulfill his promise to be a good and law-abiding

father to his children and that any further criminal activity would violate his supervised release and an arrest warrant would be issued.

Subsequently, the Court was notified that Brown had repeatedly violated supervised release by testing positive for illicit drug use.  However, after being advised that he was engaging in substance abuse treatment, the Court again responded to Brown's illegal activities with leniency and allowed him to remain free from incarceration.

On September 17, 2019, while still on supervised release, the Hamilton County, Ohio Prosecutor's Office charged Brown with felony Drug Trafficking, in violation of Ohio Revised Code § 2925.03, for allegedly selling heroin in the vicinity of a school.  At that point, the Court concluded there was probable cause that he violated his supervised release and issued an arrest warrant for the alleged supervised release violation.

While the state court detained Brown on the Drug Trafficking charge, he moved this Court to recall its arrest warrant so that he could seek pretrial release from the state court due to the COVID-19 pandemic (Doc. 37).  The Court denied that motion (Doc. 39).

Since that time, federal authorities arrested Brown on the supervised release warrant.  He appeared before a Magistrate Judge on May 8, 2020 for an initial appearance and detention hearing.  At the conclusion of the hearing, the Magistrate Judge found by clear and convincing evidence that Brown is a danger to the community and ordered him detained pending resolution of the alleged supervised release violation.  (Doc. 45.)

Brown now moves for bond review (Doc. 48).  In addition to restating his concerns relative to COVID-19, Brown further alleges that his five-month-old daughter has been diagnosed with a brain abnormality.  Her complex medical needs require additional treatment,

and Brown's partner must soon return to work full-time to support their infant daughter as well as their three other children at home. The United States opposes Brown's motion (Doc. 49).

## II. APPLICABLE LEGAL STANDARD

Brown—without citation to authority—moves the Court "to reconsider it's [sic] Order of Detention" and for "bond review." (Doc. 48 at PageID 164.) The United States contends that Brown's motion should be considered an appeal pursuant to 18 U.S.C. § 3145(c). (Doc. 49 at PageID 190.) The Court agrees.

Because Brown pled guilty to operating a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, and allegedly violated his term of supervised release on that charge, the Magistrate Judge conducted his detention hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143. (Doc. 45 at PageID 157.) Pursuant to 18 U.S.C. § 3145(c), a person subject to detention pursuant to section 3143 may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

However, "[B]efore the Court can proceed to the exceptional reasons analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released." *United States v. Ramos*, No. 5:20-013-DCR, 2020 WL 2858239, at *2 (E.D. Ky. June 2, 2020) (denying bond under § 3145(c) due to COVID-19 fear and obligations to girlfriend and minor children); *United States v. Johnson*, No. 1:19CR646, 2020 WL 2610737, at *1 (N.D. Ohio May 22, 2020). In addition, as "personal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system," it is "no surprise that most courts

have rejected these hardships as providing an exceptional reason." *United States v. Christman*, 712 F.Supp.2d 651, 656 (E.D. Ky. 2010).

### III. ANALYSIS

In the case at bar, Brown is unable to provide clear and convincing evidence that he is unlikely to pose a danger to the community if released. He pled guilty to operating a drug-involved premises in 2017, and there is probable cause to believe that—prior to his most recent arrest—he continued to traffic in life-threatening opioids in the vicinity of a school. "Drug trafficking is a serious offense that, in itself, poses a danger to the community." *Ramos*, 2020 WL 2858239, at *3 (quoting *United States v. Stone*, 608 F.3d 939, n. 1 (6th Cir. 2010)).

In addition, even if Brown could establish that he is not likely to pose a danger if released, he has failed to demonstrate "exceptional reasons" that require his release. While the Court is extremely sympathetic to Brown's partner and children, his familial obligations did not keep him from continuing to both use and traffic in drugs while on supervised release for his prior offense. There is, unfortunately, nothing "exceptional" about young children bearing the heaviest burden when parents repeatedly violate the law.

### IV. CONCLUSION

Accordingly, Defendant's Motion for Bond Review (Doc. 48) is **DENIED**.

    **IT IS SO ORDERED.**

    S/Susan J. Dlott_____
    Judge Susan J. Dlott
    United States District Court